IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01701-BNB

CHRISTOPHER JAMES WILDER,

    Plaintiff,

v.

FEDERAL CORRECTIONS OFFICERS 1-10,
FEDERAL CORRECTIONS COUNSELORS 1-3,
FEDERAL CORRECTIONAL LIEUTENANT,
FEDERAL CORRECTIONAL ASSISTANT WARDENS 1-3,
FEDERAL CORRECTIONAL WARDEN,
C.E. SAMUELS, JR., Director, Federal Bureau of Prisons, and
UNKNOWN FEDERAL EMPLOYEES 1-10,

    Defendants.

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

Plaintiff, Christopher James Wilder, is a prisoner in the custody of the Federal Bureau of Prisons (BOP) and is incarcerated at the Federal Correctional Institution in Tucson, Arizona. He initiated this action by submitting *pro se* a "Civil Rights Complaint" asserting a deprivation of his constitutional rights pursuant to 28 U.S.C. § 1331 and ***Bivens v. Six Unkown Named Agents***, 403 U.S. 388 (1971).   On July 2, 2013, the Court ordered Mr. Wilder to submit his Complaint and § 1915 Motion and Affidavit on the court-approved forms.  Mr. Wilder filed a Prisoner Complaint [Doc. # 12] and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 on the court-approved forms on August 12, 2013.  He has been granted leave to proceed pursuant to 28 U.S.C. § 1915 with payment of an initial partial filing fee.

The Court must construe the Prisoner Complaint liberally because Mr. Wilder is

not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not act as an advocate for *pro se* litigants.  *See Hall*, 935 F.2d at 1110.   The Court has reviewed the Prisoner Complaint and has determined that it is deficient.  For the reasons discussed below, Mr. Wilder will be ordered to file an amended complaint.

Mr. Wilder alleges in the Prisoner Complaint that on June 23, 2013, he was seriously injured when he fell face forward down a flight of stairs that was covered in human waste (feces and urine).  He asserts that the Defendant SHU Lieutenant ordered Defendant Federal Correctional Officers 1-10 to ignore the unsanitary conditions.  Mr. Wilder asserts that all of the Defendants knew or should have known about the human waste on the stairs because the condition existed for several weeks, but they all failed to clean it up.  He claims that the Defendants' failure to take remedial action constitutes deliberate indifference to a serious risk of harm to his health and safety.  Plaintiff further asserts that he did not receive adequate medical care for his injuries resulting from the fall on the stairs.  He requests monetary relief.

The Prisoner Complaint is deficient because Mr. Plummer fails to allege specific facts to show the personal participation of each Defendant in a deprivation of his constitutional rights.  Personal participation is an essential element of a *Bivens* action. *See Kite v. Kelley*, 546 F.2d 334, 338 (1976).  Plaintiff therefore must show that each named Defendant caused the deprivation of a federal right.  *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985).  There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure

to supervise.  *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). Supervisors, such as the assistant wardens, warden and Director of the BOP, can only be held liable for their own deliberate intentional acts.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *Serna v. Colo. Dep't of Corrections*, 455 F.3d 1146, 1151 (10th Cir. 2006) ("Supervisors are only liable under § 1983 [or *Bivens*] for their own culpable involvement in the violation of a person's constitutional rights."); *see also Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008) ("[ *Bivens*] does not recognize a concept of strict supervisor liability; the defendant's role must be more than one of abstract authority over individuals who actually committed a constitutional violation.").

Accordingly, it is

ORDERED that Plaintiff, Christopher Wilder, file **within thirty (30) days from the date of this order,** an amended complaint that complies with the directives in this order.  It is

FURTHER ORDERED that Plaintiff shall obtain the court-approved Prisoner Complaint form (with the assistance of his case manager or facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if Plaintiff fails to file an amended complaint that complies with this order within the time allowed, the Court will dismiss some of the Defendants without further notice for the reasons discussed above.

DATED August 14, 2013, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge