IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01701-BNB

CHRISTOPHER JAMES WILDER,

    Plaintiff,

v.

FEDERAL CORRECTIONS OFFICERS 1-10,
FEDERAL CORRECTIONS COUNSELORS 1-3,
FEDERAL CORRECTIONAL LIEUTENANT,
FEDERAL CORRECTIONAL ASSISTANT WARDENS 1-3,
FEDERAL CORRECTIONAL WARDEN,
C.E. SAMUELS, JR., Director, Federal Bureau of Prisons, and
UNKNOWN FEDERAL EMPLOYEES 1-10,

    Defendants.

ORDER DIRECTING PLAINTIFF TO FILE
SECOND AND FINAL AMENDED COMPLAINT

    Plaintiff, Christopher James Wilder, is a prisoner in the custody of the Federal Bureau of Prisons (BOP) and is incarcerated at the Federal Correctional Institution in Tucson, Arizona.  He initiated this action by submitting *pro se* a "Civil Rights Complaint" asserting a deprivation of his constitutional rights pursuant to 28 U.S.C. § 1331 and ***Bivens v. Six Unkown Named Agents***, 403 U.S. 388 (1971).   On July 2, 2013, the Court ordered Mr. Wilder to submit his Complaint and § 1915 Motion and Affidavit on the court-approved forms.  Mr. Wilder filed a Prisoner Complaint [Doc. # 12] and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 on the court-approved forms on August 12, 2013.  He has been granted leave to proceed pursuant to 28 U.S.C. § 1915 with payment of an initial partial filing fee.

On August 14, 2013, Magistrate Judge Boyd N. Boland reviewed the Prisoner Complaint and determined that it was deficient because it failed to allege the personal participation of each Defendant in a deprivation of his constitutional rights. Magistrate Judge Boland thus ordered the Plaintiff to file an amended complaint within thirty days of the August 14 Order. Mr. Wilder filed an Amended Complaint on August 26, 2013. [Doc. # 17].

The Court must construe the Amended Complaint liberally because Mr. Wilder is not represented by an attorney. **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for **pro se** litigants. **See Hall**, 935 F.2d at 1110. The Court has reviewed the Prisoner Complaint and has determined that it is deficient. For the reasons discussed below, Mr. Wilder will be ordered to file a second and final amended complaint.

Mr. Wilder alleges in the Amended Complaint that on June 23, 2013, while incarcerated at UPS-Florence, Colorado, he suffered serious orthopedic injuries after he slipped on a floor covered in several inches of human waste (feces and urine) and fell face forward down a flight of stairs that were "dripping with human waste." He asserts that the Defendant SHU Lieutenant ordered Defendant Federal Corrections Officers 1-10 to ignore the unsanitary conditions. Mr. Wilder further alleges that the Defendant Corrections Officers, Corrections Counselors, Assistant Wardens, and Warden Daniels, all knew about the human waste on the floor and stairs because the unsanitary condition existed for several weeks, but they all failed to clean it up. He claims that the

Defendants' failure to take remedial action constitutes deliberate indifference to a serious risk of harm to his health and safety, in violation of his Eighth Amendment rights. Mr. Wilder also asserts that Defendants Unknown Federal Employees 1-10 have failed to provide him with adequate medical care for his injuries. He requests monetary relief.

The Amended Complaint does not allege any specific facts to show the personal participation of Defendants Unknown Federal Employees 1-10 in a violation of his constitutional rights. Personal participation is an essential element of a **Bivens** action. **See Kite v. Kelley**, 546 F.2d 334, 338 (1976). Plaintiff therefore must show that each named Defendant caused the deprivation of a federal right. **See Kentucky v. Graham**, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. **See Butler v. City of Norman**, 992 F.2d 1053, 1055 (10th Cir. 1993). Supervisors can only be held liable for their own deliberate intentional acts. **See Ashcroft v. Iqbal**, 556 U.S. 662, 676 (2009); **Serna v. Colo. Dep't of Corrections**, 455 F.3d 1146, 1151 (10th Cir. 2006) ("Supervisors are only liable under § 1983 [or **Bivens**] for their own culpable involvement in the violation of a person's constitutional rights."); **see also Fogarty v. Gallegos**, 523 F.3d 1147, 1162 (10th Cir. 2008) ("[ **Bivens**] does not recognize a concept of strict supervisor liability; the defendant's role must be more than one of abstract authority over individuals who actually committed a constitutional violation.").

Furthermore, although Mr. Wilder may use fictitious names if he does not know

the real names of the individuals who allegedly violated his rights, such as Jane or John Doe, he must provide sufficient information about each defendant so that the individual can be identified for purposes of service. In the Amended Complaint, Mr. Wilder does not allege any specific facts from which the Court or the Defendants can ascertain the identity of the "Unknown Federal Employees 1-10" Defendants. Plaintiff makes a conclusory assertion that he was denied adequate medical care for the injuries he suffered on June 23, 2010, but he fails to describe the circumstances constituting the denial(s), a general time frame, or provide any identification information as to who denied the care (i.e., nurse, P.A., physician, etc.). These facts are necessary to state an arguable claim under ***Bivens***. *See e.g.* ***Whiteman v. El Paso Criminal Justice Center***, No. 10-02430-WYD-KLM, 2011 WL 2610202, at *7 (D. Colo. July 1, 2011) (unpublished) (dismissing claims against John Doe defendants for plaintiff's failure to allege their personal participation in the alleged constitutional deprivation); *see also* ***Nasious v. Two Unknown B.I.C.E. Agents***, 492 F.3d 1158, 1163 (10th Cir. 2007) (In order to state a claim in federal court, the "complaint must explain what each defendant did to [the plaintiff]; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated.").

Finally, Mr. Wilder asserts that medical providers at FCI-Tucson have failed to treat his injuries and pain sustained as a result of the June 23, 2010 fall down the stairs. It is not clear whether any of the "Unknown Federal Employees 1-10" Defendants are medical providers at FCI-Tucson. Mr. Wilder must bring his Eighth Amendment claims against any FCI-Tucson officials in the United States District Court for the District of

Arizona, where venue is proper.  *See* 28 U.S.C. § 1391(b).  Accordingly, it is

ORDERED that Plaintiff, Christopher Wilder, file **within thirty (30) days from the date of this order,** a Second Amended Complaint that includes Claims 1 and 2 of the Amended Complaint and also addresses the deficiencies in his Eighth Amendment claim against the "Unknown Federal Employees 1-10" Defendants (Claim Three of the Amended Complaint).  It is

FURTHER ORDERED that Plaintiff shall obtain the court-approved Prisoner Complaint form (with the assistance of his case manager or facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if Plaintiff fails to file a Second Amended Complaint that complies with this order within the time allowed, the Court will dismiss Defendants "Unknown Federal Employees 1-10" without further notice for the reasons discussed above.

DATED September 3, 2013, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge