IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01701-BNB

CHRISTOPHER JAMES WILDER,

    Plaintiff,

v.

FEDERAL CORRECTIONS OFFICERS 1-10,
FEDERAL CORRECTIONS COUNSELORS 1-3,
FEDERAL CORRECTIONAL LIEUTENANT,
FEDERAL CORRECTIONAL ASSISTANT WARDENS 1-3,
FEDERAL CORRECTIONAL WARDEN DANIELS,
C.E. SAMUELS, JR., Director, Federal Bureau of Prisons, and
UNKNOWN FEDERAL EMPLOYEES 1-10,

    Defendants.

---

ORDER TO DISMISS IN PART AND TO DRAW CASE
TO A DISTRICT JUDGE AND TO A MAGISTRATE JUDGE

---

    Plaintiff, Christopher James Wilder, is a prisoner in the custody of the Federal Bureau of Prisons (BOP) and is incarcerated at the Federal Correctional Institution in Tucson, Arizona. He initiated this action by submitting *pro se* a "Civil Rights Complaint" asserting a deprivation of his constitutional rights pursuant to *Bivens v. Six Unkown Named Agents*, 403 U.S. 388 (1971). He submitted his pleading on the court-approved Prisoner Complaint form on August 12, 2013.

    On August 14, 2013, Magistrate Judge Boyd N. Boland reviewed the Complaint and determined that it was deficient because it failed to allege the personal participation of each Defendant in a deprivation of his constitutional rights. Magistrate Judge Boland thus ordered the Plaintiff to file an amended complaint within thirty days of the August

14 Order. Mr. Wilder filed an Amended Complaint on August 26, 2013. [Doc. # 17].

On September 3, 2013, Magistrate Judge Boland reviewed the Amended Complaint and found that Mr. Wilder had failed to allege sufficient facts in the pleading to identify the Unknown Federal Employees 1-10 Defendants, or to allege specific facts to show their personal participation in a deprivation of his Eighth Amendment right to adequate medical care. Magistrate Judge Boland therefore ordered Mr. Wilder to file a second and final amended complaint within thirty days. Plaintiff filed a Second Amended Complaint on October 18, 2013.

Mr. Wilder has been granted leave to proceed without payment of an initial partial filing fee pursuant to the federal *in forma pauperis* statute, 28 U.S.C. § 1915 (2011). Subsection (e)(2)(B) of § 1915 requires a court to dismiss *sua sponte* an action at any time if the action is frivolous. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

The Court must construe the Second Amended Complaint liberally because Mr. Wilder is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons discussed below, the Court will dismiss the Second Amended Complaint, in part.

Mr. Wilder alleges that on June 23, 2010, while incarcerated at UPS-Florence, Colorado, he suffered serious orthopedic injuries after he slipped on a floor in the SHU tier that was covered in several inches of human waste and fell face forward down a flight of stairs that were "dripping in feces and urine." He asserts that the Defendant

SHU Lieutenant had previously ordered Defendant Federal Corrections Officers 1-10 to ignore the unsanitary conditions. Mr. Wilder further alleges that all of the Defendants knew about the human waste on the floor and stairs because the unsanitary conditions existed for several weeks. He claims that the Defendants' failure to clean up the waste constitutes deliberate indifference to a serious risk of harm to his health and safety, in violation of his Eighth Amendment rights. He requests monetary relief.

The Second Amended Complaint is deficient because Mr. Wilder fails to allege the personal participation of Defendant Samuels in a deprivation of his constitutional rights. Magistrate Judge Boland warned Mr. Wilder in the August 14 Order that personal participation is an essential element of a *Bivens* action. *See Kite v. Kelley*, 546 F.2d 334, 338 (1976). Plaintiff therefore must show that each named Defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A supervisor can only be held liable for his own deliberate intentional acts. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *Serna v. Colo. Dep't of Corrections*, 455 F.3d 1146, 1151 (10th Cir. 2006) ("Supervisors are only liable under § 1983 [or *Bivens*] for their own culpable involvement in the violation of a person's constitutional rights."); *see also Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008) ("[ *Bivens*] does not recognize a concept of strict supervisor liability; the defendant's role must be more than one of abstract authority over individuals who actually committed a constitutional violation.").

Here, Mr. Wilder does not allege any facts to show that Defendant Samuels, the

BOP Director, knew about the unsanitary conditions at USP-Florence at the time of Plaintiff's injury or that Samuels was personally involved in failing to clean up the human waste for a prolonged period.  The Court thus finds that Defendant Samuels is an improper party to this action and he will be dismissed.

The Court will not address at this time the merits of Plaintiff's Eighth Amendment claim against Federal Corrections Officers 1-10, Federal Corrections Counselors 1-3, Federal Correctional Lieutenant, Federal Correctional Assistant Wardens 1-3, Federal Correctional Warden Daniels, and Unknown Federal Employees 1-10.  Instead, the action will be drawn to a district judge and to a magistrate judge as provided in D.C.COLO.LCivR 40.1A because the Court has completed its review pursuant to 28 U.S.C. § 1915(e)(2).  Accordingly, it is

ORDERED that Defendant Samuels is DISMISSED for Mr. Wilder's failure to allege his personal participation in the alleged deprivation of Plaintiff's constitutional rights.  It is

FURTHER ORDERED that the claim(s) against Defendants Federal Corrections Officers 1-10, Federal Corrections Counselors 1-3, Federal Correctional Lieutenant, Federal Correctional Assistant Wardens 1-3, Federal Correctional Warden Daniels and Unknown Federal Employees 1-10 shall be drawn to a district judge and to a magistrate judge as provided in  D.C.COLO.LCivR 40.1A.

DATED at Denver, Colorado, this  23rd   day of    October       , 2013.

BY THE COURT:

   s/Lewis T. Babcock  
LEWIS T. BABCOCK, Senior Judge  
United States District Court