IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 13-cv-01701-PAB-BNB

CHRISTOPHER JAMES WILDER,

Plaintiff,

v.

FEDERAL CORRECTIONS OFFICERS 1-10,
FEDERAL CORRECTIONS COUNSELORS 1-3,
FEDERAL CORRECTIONAL LIEUTENANT,
FEDERAL CORRECTIONAL ASSISTANT WARDENS 1-3,
FEDERAL CORRECTIONAL WARDEN, and
UNKNOWN FEDERAL EMPLOYEES 1-10,

Defendants.
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
AND ORDER**
_____

The plaintiff filed his Third Amended Prisoner Complaint on October 18, 2013 [Doc. #25] (the "Complaint"). On October 23, 2013, the court issued an order dismissing defendant D.E. Samuels [Doc. #26]. Because the remaining defendants were not identified by name, I ordered the plaintiff to identify each defendant sufficiently to allow service of process [Doc. #30]. In addition, I cautioned the plaintiff that failure to sufficiently identify a defendant could result in dismissal of that defendant.

In his response [Doc. #44], the plaintiff seeks to (1) "name defendants sufficiently to effect service of process"; (2) amend his Complaint so that the caption "reads as does this one";[1] (3) "dismiss remaining defendants not described fully herein"; and (4) conduct discovery. The

---

[1] The caption of the response names the defendants as "Charles Daniels, et al."

plaintiff then identifies defendant Federal Correctional Warden as Charles Daniels and defendant Federal Correctional Lieutenant as Lieutenant Borges.  The Complaint should be amended to reflect that defendant Federal Correctional Warden is Charles Daniels and defendant Federal Correctional Lieutenant is Lieutenant Borges.

The plaintiff also identifies a "defendant Hutching, Captain."  However, neither the Complaint nor the response contain any allegations against Captain Hutching.  The plaintiff's request to amend his Complaint to name Captain Hutching should be denied.

The plaintiff does not name any other defendants.  Instead, he simply lists nine of the unnamed defendants by their titles.  Because the plaintiff has failed to identify the remaining unnamed defendants, they should be dismissed without prejudice.

The plaintiff also requests that the defendants produce numerous documents.  However, defendants Daniel and Borges have not been served, a Scheduling Conference has not been held, and discovery has not yet commenced.  Upon commencement of discovery, the plaintiff may be able to obtain from the defendants the records he seeks.

I RESPECTFULLY RECOMMEND:

(1)  The plaintiff be permitted to amend his Complaint to name Charles Daniels and Lieutenant Borges as defendants;

(2)  The United States Marshal be directed to serve defendants Charles Daniels and Lieutenant Borges; and

(3)  All remaining defendants be dismissed.[2]

---

[2] Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections.  A party's failure to serve and file specific, written objections waives *de novo* review of the

FURTHER, IT IS ORDERED that the plaintiff's request to conduct discovery is DENIED as premature.

Dated February 18, 2014.

BY THE COURT:

/s/ Boyd N. Boland
United States Magistrate Judge

---

recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. Makin v. Colorado Dept. of Corrections, 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).