IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 13-cv-01701-PAB-BNB

CHRISTOPHER JAMES WILDER,

Plaintiff,

v.

CHARLES DANIELS (Warden), and
BORGES, (Lieutenant),

Defendants.
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

The plaintiff filed his Fourth Amended Prisoner Complaint on March 28, 2014 [Doc. #47] (the "Complaint"). He names as a defendant "Borges, Lieutenant" and lists that defendant's address as USP Florence. On April 2, 2014, the court sent a request for waiver of service to the defendants at the Colorado Consolidated Legal Center at the Federal Bureau of Prisons ("BOP") [Doc. #48]. On April 11, 2014, BOP Attorney Advisor Kaitlin Turner filed a document stating that service is not waived for defendant Borges because she is "unable to identify a current or former BOP lieutenant by this name."

Consequently, I ordered the plaintiff to show cause on or before May 19, 2014, why the Complaint should not be dismissed as against defendant Borges for failure to prosecute. See D.C.COLO.LCivR 41.1. I cautioned the plaintiff that in the event no such showing was made, I would enter a recommendation that the action be dismissed, without prejudice, against defendant Borges for failure to prosecute.

The plaintiff did not respond to the show cause order. Accordingly,

I respectfully RECOMMEND that Complaint be dismissed without prejudice as against defendant Borges for failure to prosecute.[1]

Dated May 22, 2014.

                                                BY THE COURT:

                                                s/ Boyd N. Boland
                                                United States Magistrate Judge

---

[1] Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).