IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 13-cv-01701-PAB-BNB

CHRISTOPHER JAMES WILDER,

Plaintiff,

v.

CHARLES DANIELS (Warden), and
BORGES, (Lieutenant),

Defendants.

_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

The plaintiff filed his Fourth Amended Prisoner Complaint on March 28, 2014 [Doc. #47] (the "Complaint").  He named as a defendant "Borges, Lieutenant" and listed that defendant's address as USP Florence.  On April 2, 2014, the court sent a request for waiver of service to the defendants at the Colorado Consolidated Legal Center at the Federal Bureau of Prisons ("BOP") [Doc. #48].  On April 11, 2014, BOP Attorney Advisor Kaitlin Turner filed a document stating that service is not waived for defendant Borges because she is "unable to identify a current or former BOP lieutenant by this name."

I ordered the plaintiff to show cause on or before May 19, 2014, why the Complaint should not be dismissed as against defendant Borges for failure to prosecute.  See D.C.COLO.LCivR 41.1.  I cautioned the plaintiff that in the event no such showing was made, I would enter a recommendation that the action be dismissed, without prejudice, against defendant Borges for failure to prosecute.  The plaintiff did not respond to the show cause order.

Consequently, on May 22, 2014, I issued a recommendation that Complaint be dismissed without prejudice as against defendant Borges for failure to prosecute.

On May 30, 2014, the plaintiff filed a motion to correct defendant Borges' last name to Borja. He stated that the motion was also an "incorporated response" to the show cause order. The plaintiff did not explain why the response was untimely. Nevertheless, I granted the plaintiff's motion to correct the defendant's last name to Borja; withdrew my recommendation to dismiss defendant Borges for failure to prosecute; and ordered service on defendant Borja.

On June 23, 2014, Ms. Turner filed a document which states that Lieutenant Borja is no longer employed with the BOP. On June 26, 2014, I ordered Ms. Turner to file with the court under restriction the last known address of Borja or, in the alternative, a notification that the BOP does not possess any address for him. On July 7, 2014, the last known address of Borja was provided to the court. The United States Marshal attempted to personally serve Borja at that address, but was unable to do so because Borja no longer resides there. Accordingly,

I respectfully RECOMMEND that Complaint be dismissed without prejudice as against defendant Borja for failure to prosecute.[1]

---

[1]Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated August 28, 2014.

                                                             BY THE COURT:

                                                             s/ Boyd N. Boland
                                                             United States Magistrate Judge