IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 13-cv-01701-PAB-BNB

CHRISTOPHER JAMES WILDER,

    Plaintiff,

v.

CHARLES DANIELS (Warden) and
BORJA (Lieutenant),

    Defendants.

___

**ORDER ACCEPTING MAGISTRATE JUDGE'S RECOMMENDATION**
___

    This matter is before the Court on the Recommendation of United States Magistrate Judge Boyd N. Boland filed on August 28, 2014 [Docket No. 77]. The Recommendation states that objections to the Recommendation must be filed within fourteen days after its service on the parties. *See* 28 U.S.C. § 636(b)(1)(C). The Recommendation was served on August 28, 2014. No party has objected to the Recommendation.

    In the absence of an objection, the district court may review a magistrate judge's recommendation under any standard it deems appropriate. *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings"). In this matter, the Court has reviewed the

Recommendation to satisfy itself that there is "no clear error on the face of the record."[1] Fed. R. Civ. P. 72(b), Advisory Committee Notes.  Based on this review, the Court has concluded that the Recommendation is a correct application of the facts and the law. Accordingly, it is

    **ORDERED** as follows:

    1.  The Recommendation of United States Magistrate Judge [Docket No. 77] is ACCEPTED.

    2.  The Amended Complaint [Docket No. 47] is dismissed without prejudice against defendant Borja for failure to prosecute.

    DATED October 6, 2014.

                          BY THE COURT:

                          s/Philip A. Brimmer
                          PHILIP A. BRIMMER
                          United States District Judge

---

[1] This standard of review is something less than a "clearly erroneous or contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review.  Fed. R. Civ. P. 72(b).