IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 13-cv-01701-PAB-BNB

CHRISTOPHER JAMES WILDER,

Plaintiff,

v.

CHARLES DANIELS,

Defendant.

_____

# ORDER
_____

This matter arises on the following motions filed by the plaintiff:

(1) **Motion to Stay in Abeyance** [Doc. #85, filed 11/10/2014] (the "Motion to Stay");

and

(2) **Motion for Leave to Amend Complaint with Proposed Amendment** [Doc. #88, filed 12/16/2014] (the "Motion to Amend").

The plaintiff is incarcerated by the Federal Bureau of Prisons. On December 17, 2013, the plaintiff notified the court that he had been transferred to a facility in Pine Knot, Kentucky [Doc. #39]. The plaintiff requests that the court stay this case indefinitely because he is being transferred to a different prison facility. The request was filed November 10, 2014. On December 3, 2014, the plaintiff filed a response [Doc. #87] to the defendants' motion to dismiss. The response was mailed from the plaintiff's address of record in Kentucky. Therefore, it appears that the plaintiff was not transferred. The Motion to Stay is DENIED.

The plaintiff also requests leave to amend his Third Amended Complaint [Doc. #25] to add a defendant. He does not attach a proposed fourth amended complaint to the Motion to Amend, nor does he describe the proposed amendments.

Rule 15, Fed. R. Civ. P., provides that a complaint may be amended once as a matter of course within 21 days after serving it, or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Id. at 15(a)(2). The Motion to Amend does not fall within the deadlines of Rule 15(a)(1) for amendment of right, nor does the plaintiff provide written consent from the defendants. Therefore, the plaintiff may amend only with leave of court.

It is not possible to determine whether the proposed amendments are permissible because the plaintiff has neither described the proposed amendments with specificity nor attached the proposed fourth amended complaint. When seeking leave of court to amend a complaint, the motion to amend must detail the proposed amendments and the reasons why such amendments are necessary. In addition, the plaintiff must attach the proposed amended complaint to the motion.

In any future attempt to seek leave to amend, the proposed amended complaint must be submitted on the court's form and be entitled Fourth Amended Complaint. The plaintiff may not incorporate by reference his original or amended complaints. The proposed fourth amended complaint must stand alone; it must contain all of the plaintiff's claims. Mink v. Suthers, 482

F.3d 1244, 1254 (10th Cir. 2007) (stating that "an amended complaint supercedes an original complaint and renders the original complaint without legal effect") (internal quotations and citations omitted).

IT IS ORDERED:

(1) The Motion to Stay in Abeyance [Doc. #85] is DENIED;

(2) The Motion for Leave to Amend Complaint with Proposed Amendment [Doc. #88] is DENIED WITHOUT PREJUDICE, subject to compliance with this order; and

(3) The Clerk of the Court shall mail to the plaintiff with this order a copy of the court's prisoner complaint form.

Dated December 18, 2014.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge