IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 13-cv-01701-PAB-BNB

CHRISTOPHER JAMES WILDER,

Plaintiff,

v.

CHARLES DANIELS,

Defendant.

_____

**ORDER**
_____

This matter arises on the plaintiff's **Motion for Reconsideration for Stay in Abeyance and Motion to Amend Complaint** [Doc. #94, filed 01/20/15] (the "Motion").  The Motion is DENIED.

The plaintiff is incarcerated by the Federal Bureau of Prisons ("BOP").  On December 17, 2013, the plaintiff notified the court that he had been transferred to a facility in Pine Knot, Kentucky [Doc. #39].  On November 10, 2014, the plaintiff filed a motion [Doc. #85] requesting that the court stay this case indefinitely because he was being transferred to a different prison facility.  On December 3, 2014, the plaintiff filed a response [Doc. #87] to the defendants' motion to dismiss.  The response was mailed from the plaintiff's address of record in Kentucky. I denied the plaintiff's motion to stay because it appeared that the plaintiff was not transferred.

On December 16, 2014, the plaintiff moved for leave to amend his Third Amended Complaint [Doc. #25] to add a defendant.  However, he did not attach a proposed fourth

amended complaint to the motion to amend, nor did he describe the proposed amendments.  In denying the motion to amend [Doc. #90], I stated:

> It is not possible to determine whether the proposed amendments are permissible because the plaintiff has neither described the proposed amendments with specificity nor attached the proposed fourth amended complaint.  When seeking leave of court to amend a complaint, the motion to amend must detail the proposed amendments and the reasons why such amendments are necessary.  In addition, the plaintiff must attach the proposed amended complaint to the motion.
>
> In any future attempt to seek leave to amend, the proposed amended complaint must be submitted on the court's form and be entitled Fourth Amended Complaint.  The plaintiff may not incorporate by reference his original or amended complaints.  The proposed fourth amended complaint must stand alone; it must contain all of the plaintiff's claims.  Mink v. Suthers, 482 F.3d 1244, 1254 (10th Cir. 2007) (stating that "an amended complaint supercedes an original complaint and renders the original complaint without legal effect") (internal quotations and citations omitted).

I denied the motion to amend without prejudice, subject to compliance with my order.  I also directed the Clerk of the Court to mail to the plaintiff a copy of the court's prisoner complaint form.

The plaintiff seeks reconsideration of both orders.  He states that although he was scheduled to be transferred on November 26, 2014, he was not actually transferred until later and did not receive his property (including his legal material) until January 7, 2015.  He requests that "all orders since November 11, 2014 be stayed," but he also requests that "the stay in abeyance now be lifted" because he is in possession of his legal property.

The only order issued since November 11, 2014, is my order [Doc. #90] denying the plaintiff's requests for a stay and to amend his Third Amended Complaint, as discussed above.

The plaintiff has not provided any basis to "stay" or to reconsider that order, and it remains in force.

In addition, to the extent the plaintiff requests that I reconsider my order denying without prejudice his request to amend his Third Amended Complaint, he still has not submitted a proposed fourth amended complaint, nor does he specify the proposed amendments. Instead, he requests that "discovery be granted in this case." He claims that if he were granted discovery, he "would be able to make a claim against [defendant] Daniels and several other BOP employees." The plaintiff does not specify the discovery he seeks, nor does he explain why he needs discovery in order to allege claims against Daniels and other BOP employees.[1] The plaintiff's request to amend his Third Amended Complaint and his request for discovery are denied.

IT IS ORDERED that the plaintiff's Motion for Reconsideration for Stay in Abeyance and Motion to Amend Complaint [Doc. #94] is DENIED.

Dated January 29, 2015.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

---

[1] In another paper, the plaintiff states that if his "previously requested discovery" had been granted, the discovery "would have assisted him in surviving the Motion to Dismiss filed by the Defendants." *Motion in Opposition to the Defendants' Motion to Dismiss* [Doc. #87], pp. 1-2. However, the record does not contain any "previously requested discovery" by the plaintiff.