IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 13-cv-01701-PAB-BNB

CHRISTOPHER JAMES WILDER,

Plaintiff,

v.

CHARLES DANIELS,

Defendant.

_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

This matter arises on the **Motion to Dismiss by Defendant Daniels** [Doc. #78, filed 09/15/2014] (the "Motion"). I respectfully RECOMMEND that the Motion be GRANTED.

### I. STANDARD OF REVIEW

The plaintiff is proceeding *pro se*, and I must liberally construe his pleadings. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). I cannot act as advocate for a *pro se* litigant, however, who must comply with the fundamental requirements of the Federal Rules of Civil Procedure. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

In ruling on a motion to dismiss, the court must accept the plaintiff's well-pleaded allegations as true and must construe all reasonable inferences in favor of the plaintiff. City of Los Angeles v. Preferred Communications, Inc., 476 U.S. 488, 493 (1986); Mitchell v. King, 537 F.2d 385, 386 (10th Cir. 1976). The complaint must contain specific allegations sufficient to establish that it plausibly supports a claim for relief. Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 n.2 (10th Cir. 2007). "The issue is not whether a plaintiff will ultimately prevail but

whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984).

## II. BACKGROUND

The plaintiff is incarcerated by the Federal Bureau of Prisons. He filed his Third Amended Complaint on March 28, 2014 [Doc. #47] (the "Complaint"). At all times pertinent to the allegations of the Complaint, the plaintiff was incarcerated at the United States Prison in Florence, Colorado ("USP"). The Complaint asserts one claim against Warden Charles Daniels and Lieutenant Borja. Defendant Borja was dismissed on October 6, 2014 [Doc. #81].

The Complaint contains the following allegations against defendant Daniels:

1. On June 23, 2010, the plaintiff was severely injured when he fell while being escorted from the recreation area to his cell in the Special Housing Unit ("SHU"). He was forced to wade through human feces, urine, decomposing discarded food, and other trash while being escorted. He lost traction on the "approximately (1-2) inches of liquescent gaseous fluids" and fell down a flight of several stairs that did not have traction tape on them. His hands were restrained behind his back, and he fell face forward. *Complaint*, p. 2.

2. The inhumane conditions were allowed to accumulate for approximately three weeks per order of Lieutenant Borja. Id. The order was issued "due to problem inmates throwing human waste 'feces and urine' and uneaten food and trash upon the range floor in the common area hallway/walkway." Id. at p. 6.

3. Defendant Daniels "was an employed official" of the BOP and the USP and, "as such," "was responsible for protecting plaintiff's constitutional rights while plaintiff was an inmate." The defendant "had reason to know of the danger to plaintiff because of the

longstanding deprivation of a clean and healthy living environment." The plaintiff states "the defendants present [sic] during the accumulation of the human waste and other decaying food and trash, creating a [sic] unhealthy, unsafe inhuman living condition sat by [sic] while conditions worsened and did not intervene until well after the fall of the plaintiff." Id. at p. 3. The defendant had personal knowledge of the conditions before June 23, 2010. Id. at pp. 7-10.

    4. The plaintiff "sustained life-altering injuries which continue to effect [sic] him physically and emotionally." Id. at p. 3. He suffered injuries to his neck, lower spine, shoulder, knees, and hip. Id. at p. 8.

    5. Defendant Daniels was the Warden of USP at all times relevant to this action. "[T]he warden is responsible for ensuring the safety and well being of prisoners under his supervision and control. By prison policy living and common areas are to be kept clean. Human fluids and waste shall be collected and removed immediately by staff or in the alternative inmates on the blood spill crew assigned to the medical department with appropriat[e] safety gear." Id. at pp. 4-5, 8.

    6. "Defendant Daniels was deliberatly [sic] indifferent to the serious risk of harm to plaintiff by failing to intervene, despite having the oppertunity [sic] and duty to do so when human waste was observed accumulating and approching [sic] then flowing down stairs, in doing so the defendant chose to disregard the clear and excessive risk that plaintiff would suffer serious harm if the conditions was [sic] allowed to continue unabated." Id. at p. 10.

    The plaintiff brings this action pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). He asserts one claim for deliberate indifference

to risk of harm in violation of the Eighth Amendment. Id. at pp. 9-10. He seeks nominal, compensatory, and punitive damages. He also seeks attorney's fees and costs. Id. at p. 10.

### III.  ANALYSIS

Defendant Daniels asserts that he is entitled to qualified immunity. *Motion*, p. 11. Qualified immunity shields government officials sued in their individual capacities from liability for civil damages provided that their conduct when committed did not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). In order for a right to be "clearly established" for purposes of assessing entitlement to qualified immunity, "[t]he contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." Anderson v. Creighton, 483 U.S. 635, 640 (1987).

When analyzing the issue of qualified immunity, I consider two factors. I must determine whether the plaintiff has sufficiently alleged a violation of a statutory or constitutional right. In addition, I must inquire whether the right was clearly established at the time of the violation. Wilson v. Layne, 526 U.S. 603, 609 (1999); Butler v. City of Prairie Village, Kansas, 172 F.3d 736, 745 (10th Cir. 1999).[1]

The Eighth Amendment provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII. The Eighth Amendment's prohibition against cruel and unusual punishment requires prison officials to provide humane conditions of confinement by ensuring that inmates receive adequate

---

[1] The order in which I may consider these factors is discretionary. Pearson v. Callahan, 555 U.S. 223, 236 (2009). However, both prongs must be satisfied. Herrera v. City of Albuquerque, 589 F.3d 1064, 1070 (10th Cir. 2009).

food, clothing, shelter, and medical care and take "reasonable measures to guarantee the safety of the inmates." Farmer v. Brennan, 511 U.S. 825, 832 (1994) (quotations and citations omitted). A prison official violates the Eighth Amendment if he is deliberately indifferent to the need to protect an inmate from a substantial risk of serious harm. Id. at 834.

Therefore, in order to sustain an Eighth Amendment claim that prison officials are ignoring a substantial risk of serious harm, the prisoner must establish both an objective and a subjective component. The objective component requires that the prisoner show that the deprivation alleged is sufficiently serious. To satisfy the subjective component, the prisoner must demonstrate that the defendants acted with deliberate indifference. Id. Deliberate indifference means that the official "knows of and disregards an excessive risk to the inmate's safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837.

Defendant Daniels argues that the plaintiff has failed to plausibly allege his personal or supervisory participation in the Eighth Amendment violation. *Motion*, pp. 2-7. An individual cannot be held liable under Bivens unless he or she caused or participated in an alleged constitutional violation. Pahls v. Thomas, 718 F.3d 1210, 1225 (10th Cir. 2013). Respondeat superior is not within the purview of Bivens liability. Id. In order to hold a supervisor liable under Bivens, a plaintiff must show that "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged

constitutional deprivation." Brown v. Montoya, 662 F.3d 1152, 1164 (10th Cir. 2011) (internal quotations and citation omitted); Pahls, 718 F.3d at 1225.

The Tenth Circuit Court of Appeals has stated:

> Because § 1983 and Bivens are vehicles for imposing personal liability on government officials, we have stressed the need for careful attention to particulars, especially in lawsuits involving multiple defendants. It is particularly important that plaintiffs make clear exactly who is alleged to have done what to whom, . . . as distinguished from collective allegations.
> \* \* \*
> The same particularized approach applies with full force when a plaintiff proceeds under a theory of supervisory liability. Various officials often have different powers and duties. A plaintiff must therefore identify the specific policies over which particular defendants possessed responsibility and that led to the alleged constitutional violation.

Pahls, 718 F.3d at 1225-26 (internal quotations and citations omitted).

Here, the plaintiff alleges that defendant Daniels is responsible for the plaintiff's injuries because Daniels was an employed official of the BOP and USP; had a duty to ensure the safety and well-being of the inmates; "had reason to know of the danger"; and had personal knowledge of the conditions. Daniels cannot be held liable simply because he was in a supervisory position, and the plaintiff's allegations regarding Daniels' knowledge are vague and conclusory. Indeed, the plaintiff does not allege any specific facts regarding the actions or inactions of Daniels. The plaintiff's bare-bone allegations, without more, do not state a plausible claim that defendant Daniels directly participated in the alleged constitutional violation or was deliberately indifferent in promulgating, creating, implementing or possessing responsibility for the conditions of the

plaintiff's confinement in the SHU.[2] See Davis v. Arkansas Valley Correctional Facility, 99 Fed.Appx. 838, 843 (10th Cir. 2004) (copying the warden on complaints about medical care, without more, does not sufficiently allege personal participation in a constitutional deprivation); Plummer v. Daniels, 13-cv-00440-BNB, 2013 WL 1444544 at *2 (D.Colo. April 9, 2013) (complain[ing] to the Defendant Warden about the alleged inadequate medical treatment in grievances and in verbal communications, without more, is not a sufficient basis to impose Bivens liability); Quintana v. Doe, No. 09-cv-00946, 2010 WL 2650052 at *7 (D.Colo. June 30, 2010) ("Receiving correspondence does not establish the personal participation required to trigger personal liability").

## IV. CONCLUSION

I respectfully RECOMMEND that the Motion to Dismiss by Defendant Daniels [Doc. #78] be GRANTED.[3]

---

[2] The plaintiff states that if his "previously requested discovery" had been granted, the discovery "would have assisted him in surviving the Motion to Dismiss filed by the Defendants." *Motion in Opposition to the Defendants' Motion to Dismiss* [Doc. #87], pp. 1-2. However, the record does not contain any "previously requested discovery" by the plaintiff. The plaintiff has requested by separate motion leave to conduct discovery and leave to amend his Third Amended Complaint [Doc. #94]. I denied the plaintiff's request to amend the Third Amended Complaint because, contrary to a previous order, he did not submit a proposed fourth amended complaint, nor did he describe the proposed amendments. I denied the request to conduct discovery because the plaintiff did not specify the discovery he seeks, nor did he explain why he needs discovery.

[3] Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated January 29, 2015.

                                                BY THE COURT:

                                                s/ Boyd N. Boland
                                                United States Magistrate Judge